## The People of the State of Illinois, Defendant in Error, v. Paul S. Bennett, Plaintiff in Error.

### Gen. No. 19,577.

1. INDICTMENT AND INFORMATION, § 34*—*when information sufficiently states the venue.* An information alleging that the offense was committed in the city of Chicago sufficiently states the venue.

2. INDICTMENT AND INFORMATION, § 29*—*when information charges the offense of pandering.* An information charging that "by the abuse of his position of confidence" the defendant "did induce" a woman named to enter a house where prostitution is encouraged and allowed, *held* to charge the offense of pandering.

Error to the Municipal Court of Chicago; the Hon. JACOB H. HOPKINS, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed March 9, 1914.

GEORGE W. BLACKWELL, for plaintiff in error.

MACLAY HOYNE, for defendant in error; EDWARD E. WILSON, of counsel.

MR. JUSTICE BROWN delivered the opinion of the court.

The plaintiff in error was convicted before the Municipal Court of the city of Chicago of the offense described and made punishable by "An Act in Relation to Pandering," approved June 1, 1908, as amended by Act approved July 1, 1908. Among the particular actions described in the act as pandering are "procuring any female person" "by fraud or artifice or by duress of person or goods or by abuse of any position of confidence or authority" "to enter any place in which prostitution is encouraged or allowed within this State."

It was charged by information in the Municipal Court that the plaintiff in error "heretofore, to-wit, on the 5th day of April, A. D. 1913, at the City of Chicago aforesaid, wilfully and unlawfully, by the abuse

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

of his position of confidence, did induce Marie A. Bartelle, a female person, to enter a house, number ten South Laflin street, said house being a place in which prostitution is encouraged and allowed.''

The plaintiff in error filed a waiver in writing of a jury trial and was convicted on consideration by the court of ''the testimony of witnesses and arguments of counsel.''

No bill of exceptions or record of the evidence in any form was preserved or is before us, but the plaintiff in error relies for reversal on two propositions, neither of which is tenable. He says: *First,* that the information charges no offense; and, *second,* that the venue was not laid in the city of Chicago. The reverse of each of these propositions is true. The information charges that ''by the abuse of his position of confidence'' the plaintiff in error ''did induce'' the woman named to enter a house where prostitution is encouraged and allowed. This is an offense provided for by the statute. It is argued that a woman may be induced to enter a house of this character for an innocent purpose and that the punishment for such a persuasion without criminal intent would be unconstitutional. It is unnecessary to discuss this argument. The criminal intent would be shown by showing ''the abuse of a position of confidence,'' and this, it must be presumed by us, was shown. It is a part of the offense of which the plaintiff in error was convicted.

It is also argued that the word ''induce'' used in the information is not equivalent to the word ''procure'' used in the statute. We think it is. So did the Supreme Court when deciding *People v. VanBever,* 248 Ill. 140, cited by the plaintiff in error, as shown by the language used in the opinion. The information alleges that the offense was committed at the city of Chicago. This is a sufficient statement of the venue.

The judgment of the Municipal Court is affirmed.

*Affirmed.*